IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ASHLEY SMITH, as personal representative
of the ESTATE OF WALTER LOWERY
JONES, JR., deceased,

        Plaintiff,

                                       No. 3:12-CV-00259-HZ

                                       OPINION & ORDER

    v.

NORTHWEST PERMANENTE, P.C.;
KAISER FOUNDATION HOSPITALS;
and EMILY BUBBERS, M.D.,

               Defendants.

Joseph Andrew Grube
RICCI GRUBE BRENEMAN, PLLC
1200 Fifth Avenue
Suite 625
Seattle, WA 98101

        Attorney for Ashley Smith

John E. Hart
Clark RF Horner

1 - OPINION & ORDER

Kari A. Furnanz
HART WAGNER, LLP
1000 SW Broadway
Suite 2000
Portland, OR 97205

      Attorneys for Northwest Permanente, P.C. and Kaiser Foundation Hospitals

Katie M. Eichner
Paul Silver
LINDSAY HART NEIL & WEIGLER, LLP
1300 SW Fifth Avenue
Suite 3400
Portland, OR 97201

      Attorneys for Emily Bubbers

HERNANDEZ, District Judge:

      Ashley Smith, the daughter of decedent Walter Lowery Jones, Jr. and the personal representative of decedent's estate, brings this diversity action against Northwest Permanente, P.C. and Kaiser Foundation Hospitals (collectively, "NW and Kaiser") and Emily Bubbers, M.D. Plaintiff alleges that Defendants negligently performed surgery on Jones when they, among other things, placed a chest tube in him without water in the water seal chamber. Plaintiff alleges Defendants' negligent acts caused Jones economic and non-economic harm.

      Now before me is Bubbers' motion for summary judgment (dkt. #18). Bubbers contends that Plaintiff's claim is statutorily barred because Plaintiff failed to provide, and has yet to provide, the required tort claim notice for public employees as required under ORS 30.275.

      Also before me is a motion for summary judgment (dkt. #23) filed by NW and Kaiser. NW and Kaiser seek summary judgment on the basis that Plaintiff fails to provide evidence by a qualified expert demonstrating that NW and Kaiser's actions fell below the applicable standard of care.

2 - OPINION & ORDER

For the reasons that follow, Bubbers' motion for summary judgment is GRANTED and NW and Kaiser's motion for summary judgment is DENIED.

## BACKGROUND

On February 16, 2010, Jones was admitted to the Kaiser emergency department and was diagnosed with spontaneous pneumothorax (a collapsed lung). At that time, Bubbers was a resident performing work at Kaiser through an agreement between Kaiser and Oregon Health & Science ("OHSU") and was on a six week rotation caring for patients at Kaiser at the direction of OHSU. Siler-Ball Decl. ¶ 2; Bubbers Decl. ¶¶ 2-3. OHSU is a public body under Oregon law and derives revenue from the agreement. Siler-Ball Decl. ¶¶ 4, 6.

Bubbers performed surgery on Jones, placing a chest tube in Jones. Following the surgery, Jones allegedly experienced difficulties from the surgery and filed this medical malpractice action against Defendants on February 13, 2012, prior to his death.

## STANDARD

Summary judgment is proper if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. See Rule 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party need only demonstrate that there is an absence of evidence to support the non-moving party's case. Celotex Corp., 477 U.S. at 325. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. Id. at 324.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248 (quotation omitted). The non-moving party must come forward with more than "the mere existence of a scintilla of evidence." Id. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." Id. However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. See Thornhill Publ'n Co., Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Lastly, "in ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson, 477 U.S. at 255).

## DISCUSSION

### I. Bubbers' Motion for Summary Judgment

Bubbers argues Plaintiff's medical negligence claim is statutorily barred because Plaintiff failed to file a notice of her claim to a public body within 180 days after Plaintiff discovered or reasonably should have discovered that a claim existed pursuant to ORS 30.275(2)(b). Plaintiff concedes she did not serve a notice of claim and has still yet to serve the notice. She, however, contends that summary judgment should be denied because a question of fact exists as to whether it was reasonable for Jones to think that Bubbers was a private actor and not an employee of a public body. Plaintiff asserts that it was reasonable for Jones to think that

Bubbers was a private physician because Jones was treated at a private hospital, Bubbers never identified herself as a public employee, and Bubbers failed to mention her status as an OHSU employee. Plaintiff maintains that the fact that Bubbers was a state employee was not known until after the filing of this lawsuit and therefore, the statute of limitations did not begin to run until after Jones filed this action on February 13, 2012.

Under the Oregon Tort Claims Act ("OTCA"), "[n]o action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section." Applicable here is the requirement that notice of the claim be provided "within 180 days after the alleged loss or injury." ORS 30.275(2)(b). "The 180-day period does not begin to run until the plaintiff knows or, in the exercise of reasonable care should know, facts that would make an objectively reasonable person aware of a substantial possibility that all three of the following elements exist: an injury occurred, the injury harmed one or more of the plaintiff's legally protected interests, and the defendant is the responsible party." Benson v. State, 100 P.3d 1097, 1099 (Or. App. 2004) (citation omitted); see also Plumeau v. School Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 436 (9th Cir. 1997) (the notice period under ORS 30.275 "begins to run when the plaintiff knows, or in the exercise of reasonable care should have known, facts which would make a reasonable person aware of a substantial possibility that [a tort action] exists") (citation omitted). "The burden is on the plaintiff to prove that notice of claim was timely." Plumeau, 130 F.3d at 436 (citation omitted). "A plaintiff has a duty to use due diligence in an effort to discover the party responsible for her injury." Id.

Plaintiff's failure to serve the required notice as required under ORS 30.275 is fatal in this instance. An objectively reasonable person would have been aware that there was

substantial possibility that a tort action existed around the time Jones began suffering complications after his surgery, not upon realizing Bubbers was a state employee at OHSU. Whether or not Bubbers was a state employee working for OHSU or was a private employee working at Kaiser simply has no bearing on whether Jones should have known that a tort action existed after he began suffering complications after his February 16, 2010, surgery.

In addition, the undisputed facts show that Plaintiff failed to act with due diligence to discover the party responsible for Jones' injury.  It is undisputed that Jones and Plaintiff knew that Bubbers was the one who performed the surgery on Jones.  The evidence demonstrates that determining whether Bubbers was an employee at OHSU required minimal due diligence.  For example, the evidence shows that a quick Internet search using the term "Emily Bubbers, M.D." returned a result in less than five minutes showing that the address at which Bubbers practices is the same address of OHSU's main hospital.  Eichner Decl., ¶¶ 3-4.  In addition, the evidence shows that a quick search of Emily Bubbers on the Oregon Medical Board website returned a result in less than five minutes showing that Bubbers was and continues to be a resident at OHSU.  Id., ¶¶ 6-7.  Under the facts here, it is clear that Plaintiff could have easily discovered Bubbers was an employee at OHSU with just minimal effort.

In sum, Plaintiffs failed to provide notice to Bubbers in a timely manner as required under ORS 30.275.  Bubbers' motion for summary judgment is granted.[1]

/ / /

---

[1] Plaintiff also argues that Bubbers' motion should be denied because Plumeau and Gehrke v. CrafCo, Inc., 923 P.2d 1333, 1336 (Or. App. 1996), two of the cases that Bubbers cites, are factually distinguishable.  I do not rely on the facts or rely on the holdings in those two cases.  As stated above, I simply rely on the general rule in Plumeau, 130 F.3d at 436 stating that under the OTCA, the notice period under ORS 30.275 begins to run when the plaintiff in the exercise of reasonable care should have known facts that would make a reasonable person aware of a substantial possibility that a tort action exists.

**II. NW and Kaiser's Motion for Summary Judgment**

NW and Kaiser assert that their motion for summary judgment must be granted because Plaintiff only offers the declaration of internal medicine physician Gary Schuster, M.D., a Seattle physician. They contend that Schuster is not qualified to offer expert testimony about the standard of care and causation in Oregon and therefore, his testimony is inadmissible. For the reasons that follow, I disagree with NW and Kaiser.

In diversity action where a plaintiff alleges negligence, as here, a court turns to state negligence law. Tanner v. Illinois Tool Works, Inc., 77 F.3d 490, 490 (9th Cir. 1996) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). To prevail on a medical negligence claim in Oregon, a plaintiff must establish "(1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) a resulting harm to the plaintiff measurable in damages; and (4) causation, i.e., a causal link between the breach of duty and the harm." Swanson v. Coos Cnty., 2009 WL 5149265, Civ. No. 08-6312-AA, at *5 (D. Or. 2009) (citing Stevens v. Bispham, 851 P.2d 556 (Or. 1993)). "[A]s a general rule, a plaintiff in a medical malpractice case must offer expert testimony that, to a reasonable medical probability, [shows] the alleged breach of the standard of care caused the plaintiff's injuries." Chouinard v. Health Ventures, 39 P.3d 951, 953-54 (Or. App. 2002); see also Gulley v. Cook, 1999 WL 805147, No. 98-469-KI, at *4 (D. Or. 1999) (citing Getchell v. Mansfield, 489 P.2d 953, 955 (Or. 1971)).

**A. Oregon Evidentiary Rules**

As a threshold issue, NW and Kaiser argue that this Court must apply the Oregon Rules of Evidence ("ORE") rather than the Federal Rules of Evidence ("FRE") to determine the admissibility of Schuster's expert testimony, relying heavily on Wray v. Gregory, 61 F.3d 1414 (9th Cir. 1995). NW and Kaiser contend that under the ORE, Schuster's declaration is

inadmissible because he is not a general surgeon and is not capable of expressing testimony and opinions as to the care and treatment rendered by surgeons in Oregon.

NW and Kaiser's reliance on <u>Wray</u> is misplaced. In that case, the Ninth Circuit held that Nevada rules of evidence governed because "[i]t would make little sense for federal courts to follow state law in requiring plaintiffs to submit their claims to the state screening panel as a condition precedent to suit if they were then to disregard completely Nevada's carefully tailored rules regarding the use that may be made of the findings in court." <u>Wray</u>, 61 F.3d at 1418. Under Nevada Revised Statute ("NRS") §§ 41A.003-41A.120 (1986), plaintiffs alleging medical malpractice are required to submit their case to a screening panel to make findings before filing an action in court. <u>Id.</u> at 1416. Pursuant to the NRS, the screening panel is responsible for determining "whether there is a reasonable probability that the acts complained of constitute medical malpractice and that the claimant was injured thereby." <u>Id.</u> The NRS also requires the screening panel to consider "all the documentary material, including the complaint and answer, any medical records and records of a hospital or office and the testimony of any expert witnesses the panel considers necessary . . . ." <u>Id.</u>

Unlike <u>Wray</u>, I am aware of no Oregon statute–and NW and Kaiser point to none– requiring plaintiffs to submit their medical malpractice case to a screening panel before filing an action in court. Suffice it to say, NW and Kaiser also point to no Oregon statute requiring a screening panel to follow specific evidentiary rules as to how to consider evidence. In fact, I find that <u>Wray</u> goes against NW and Kaiser's position. There, the Ninth Circuit recognized that although the "Federal Rules of Evidence ordinarily govern in diversity cases", "where a state evidence rule is intimately bound up with the rights and obligations being asserted, <u>Erie</u> . . . mandates the application of a state rule . . . ." <u>Id.</u> Nothing here demonstrates that the ORE are so

"intimately bound up" with the rights and obligations asserted by Plaintiff that the ORE must supplant the FRE. The fact that Oregon courts permit testimony from experts from fields when the methods, procedures, practices, and techniques are sufficiently similar to those of defendants' does not make the ORE so "intimately bound up" with Plaintiff's rights and obligations that the this Court must apply the ORE.

In sum, the FRE, not the ORE, apply here. <u>See</u> <u>Primiano v. Cook</u>, 598 F.3d 558, 563 (9th Cir. 2010) ("The Federal Rules of Evidence govern proceedings in the courts of the United States. That is generally true in diversity cases because the Federal Rules of Evidence are statutes enacted by Congress.") (Citations and quotation marks omitted).

## B. Federal Evidentiary Rules

NW and Kaiser argue that Schuster's declaration is still inadmissible even if the Court were to conclude, as I do here, that the FRE applies. They contend that Schuster's declaration is neither useful nor reliable because Schuster is an out-of-town internal medical physician who does not have the experience or knowledge of surgical procedures, practices, and methods employed by general surgeons, and thus lacks a reliable basis in the knowledge and experience of surgeons. NW and Kaiser also assert that Schuster's declaration is inadmissible because Oregon physicians would not accept his testimony as useful and reliable. They contend that the well-settled policy in Oregon is that surgeons only find expert opinion testimony of medical practitioners in the same discipline or specialty as useful and reliable. NW and Kaiser's arguments are unavailing.

FRE 601 provides that "[e]very person is competent to be a witness unless [stated otherwise in the FRE][,] . . . but that in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid.

601.  The Ninth Circuit has stated that "[p]ursuant to Federal Rule of Evidence 601, the district

court [is] required to follow the Oregon locality rule when presented with the testimony of out-

of-town medical experts who testify as to the appropriate standard of care for local physician

defendants".  Jerden v. Amstutz, 430 F.3d 1231, 1235 (9th Cir. 2005).  "Under this evidentiary

rule, out-of-town experts must show knowledge of what is proper conduct by practitioners in the

community or a similar community under circumstances similar to those which confronted the

defendant."  Id. (citing Creasey v. Hogan, 637 P.2d 114, 122 (1981)).

 Defendants do not cite any federal case within the Ninth Circuit holding that under FRE

601, a court may strike a doctor's testimony at summary judgment simply because that doctor

practices in a different field other than the one about which they are testifying.  In fact, the Ninth

Circuit appears to hold to the contrary.  In Doe v. Cutter Biological, Inc., 971 F.2d 375, 385 (9th

Cir. 1992), the Ninth Circuit held that the district court erred at trial by excluding the affidavits

of two doctors because they were not licensed hematologists.  The Ninth Circuit reasoned that

the fact that those "experts were not licensed hematologists[,] d[id] not mean that they were

testifying beyond their area of expertise."  Id. (citation omitted).  The Ninth Circuit also reasoned

that courts generally "impose no requirement that an expert be a specialist in a given field" and

that "[l]icensure in the discipline or speciality which is the subject of expert opinion is not a

requirement under the Federal Rules of Evidence."  Id.  The Ninth Circuit even recognizes that

expertise "acquired through the study of medical literature is not a bar to admissibility."  Id.

 In light of the above, I conclude that Schuster's declaration may not be stricken at this

stage of the proceeding simply because he is an out-of-town doctor and is not a surgeon.  The

fact that doctors in Oregon may not find Schuster's declaration useful and reliable goes to weight

the jury may place on the evidence–it does not make his declaration per se inadmissible at

summary judgment.  <u>See</u> Robert E. Jones, Gerald E. Rosen, William E. Wegner, & Jeffrey S.

Jones, Rutter Group Practice Guide: Federal Civil Trials and Evidence 8F-45 (2011) ("[E]xperts

with the appropriate skill, training, experience, etc. are not disqualified from testifying on the

proper standard of care simply because they practice in a different locale. . . . The fact the

physician is not a specialist in the field in which he or she is giving opinion testimony does not

affect the opinion's <u>admissibility</u>, but rather the <u>weight</u> the jury may place on it.") (Emphasis in

original).  NW and Kaiser's motion for summary judgment is denied.

**CONCLUSION**

For the reasons stated above, Bubbers' motion for summary judgment (dkt. #18) is

GRANTED and NW and Kaiser's motion for summary judgment (dkt. #23) is DENIED.  Oral

argument is unnecessary.

IT IS SO ORDERED.

Dated this ___30___ day of ___July___, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge